**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

2008 JUL 15 P 12: 02

*Connecticut Financial Center*          (203) 821-3700
*157 Church Street*                    *Fax (203) 773-5376*
*New Haven, Connecticut  06510*        *www.usdoj.gov/usao/ct*

U.S. DISTRICT JUDGE

July 14, 2008

Hon. Robert N. Chatigny
Chief United States District Judge
U.S. Courthouse
450 Main Street
Hartford, CT 06103

      Re:    <u>United States v. Joel Roman</u>
               No. 3:03CR198 (RNC)

Dear Judge Chatigny:

      I am writing in response to the order of the Court that the Government respond to the *pro se* letter of the defendant in which he seeks a recommendation by the Court to the Bureau of Prisons that his federal and state sentences be run concurrently.

      As I recall, the defendant's state conviction arose out of a narcotics possession charge which was part of his offense conduct in the federal conspiracy on which he was sentenced by this Court.  Prior to his federal sentencing, the Superior Court vacated his state conviction after he had served 17 months of it.  Accordingly, at the time of his federal sentencing, this Court imposed a sentence of 96 months, and departed downward 17 months to give the defendant credit for the time he had served on the related state sentence.  After he was sentenced federally, the defendant was again sentenced by the Superior Court to a term of 42 months, concurrent to the federal sentence.  The defendant appears to be saying that he was then returned to state custody, where he served out his state term.  Upon moving into federal custody, the defendant has apparently been advised by the Bureau of Prisons that they are not giving him credit for the rest of the state time he has now served.

      Based on the authority cited by the defendant, *Abdul-Malik v. Hawke-Sawyer*, 403 F.3d 72 (2d Cir. 2005), in the absence of direction from the District Court at the time of sentencing, the issue of whether or not a district court may afford the defendant credit for the state time he has served since his federal sentence was imposed is one on which the circuits are split, and on which the Second Circuit has yet to decide.  *Id.* at 74-75 and n. 2.  As far as a *nunc pro tunc* designation of the state facility in which the defendant served his state sentence as a federal one,

*(handwritten left margin)* July 16, 2008.  The Clerk will docket this letter.  So ordered.

*(handwritten)* Robert N. Chatigny, U.S.D.J.

in order to effectively give him credit for state time served, although there is a split in the circuits as to whether the BOP has the authority to do this, the Second Circuit has allowed it. *See McCarthy v. Doe*, 146 F.3d 114, 122-23 (2d Cir. 1998). With regard to the issue of designation at all, this appears to be exclusively within the purview of the BOP. *Howke-Sawyer* at 76.

While this seems to me to be an issue for the BOP, whether the Court may offer a recommendation appears to be up to the Court. From the Government's standpoint, it was the intent of the parties that the defendant's state sentence be served concurrently. The question is whether the Court wishes to inject itself into the BOP's process.

I hope the above is helpful, and I respectfully request that it be docketed.

Very truly yours,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

H. GORDON HALL
ASSISTANT U.S. ATTORNEY

cc:     Margaret Levy, Esq.